*369] *The opinion of the Court was delivered by
Johnson, J.,
(who tried the cause.) The position assumed in the grounds of this motion, no one will attempt to controvert, for where there is a parol gift and a delivery of a chattel which may be passed without the solemnity of a deed, no subsequent Act of the donor, by deed or otherwise, can change or alter the right vested by it. But I think it equally clear, that it has no application to this case.
The delivery of a chattel does not necessarily vest an absolute and unqualified. property in the receiver. The giver has the right to direct to what uses and by what tenure it is to be held. In this case, it is contended, that the delivery and the declaration accompanying it, prove the intention of the donor to give an absolute and unqualified property. But this is not the best evidence the nature of the case admitted of; there was a deed executed at the time, and no account has been given of it, and the witnesses disagree about the contents of it.
It is said, however, that the delivery was prior in point of time to the execution of the deed, and therefore succeeded it. When we are prepared to exclude a part of the res gestee, or to garble evidence by admitting that which makes against a party, and excluding that which makes for him, this doctrine may be held, but not before. It will be recollected, that, in this case, the donor had procured the deed to be written before, and executed immediately after, the delivery; now, either, without the aid of the other, would have passed the property, but both constituted one entire transaction, and the deed, being a part of the res gestae, was *595 the best evidence of the intention of the parties, and ought to have been produced or accounted for.
M’Duffie, for the motion. Davis, contra.
The fact, that the witness thought the deed contained a provision for the wife, furnishes, I think, a practical illustration of the correctness of the rule. If this be true, it may contain provisions inconsistent with their right to recover, and probably does, as the *wife is still liv- r^qirn ing. I would not willingly impute to any man the madness and L ° folly of making a formal and unqualified gift to his children, when he had before procured a deed to be written, declaring his intention inconsistent with it, and immediately, in the same moment affixed his hand and seal to it. The delivery, therefore, cannot be otherwise regarded than as a delivery to the uses pointed out in the deed.
The motion must be discharged.
Coloock, Nott, RichARDson, and Gantt, JJ., concurred.
Hugeb,, J., absent.